**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **COCKETT MARINE OIL DMCC** | * | **CIVIL ACTION No.:** |
| | * | |
| **versus** | * | **SECTION _____** |
| | * | |
| **M/V ELEEN EVA, its tackle, furniture, apparel, appurtenances, etc.,** *in rem,* | * | **MAG. DIVISION _____** |
| | * | |
| | * | **JUDGE _____** |
| | * | |
| **The Bunkers aboard the M/V ELEEN EVA,** *in rem,* | * | **MAGISTRATE JUDGE** |
| | * | _____ |
| | * | |
| **and** | * | |
| | * | |
| **ELEEN MARINE JSC,** *in personam,* | * | |
| | * | |
| **Defendants** | * | |
| | * | |
| **and** | * | |
| | * | |
| **General Maritime Transportation Services, Inc.** | * | |
| | * | |
| **and** | * | |
| | * | |
| **The Master of the M/V ELEEN EVA,** | * | |
| | * | |
| **Garnishees.** | * | |
| | * | |

**VERIFIED COMPLAINT FOR ARREST OF VESSEL AND ISSUE OF**
**WRITS OF MARITIME ATTACHMENT AND GARNISHMENT**

Plaintiff Cockett Marine Oil DMCC ("Cockett") brings this Verified Complaint against

defendant M/V ELEEN EVA, its tackle, furniture, apparel, appurtenances, etc., *in rem*

(collectively "Vessel") and for their claims for services which Cockett provided on the order of

Eleen Marine JSC ("Eleen"), *in personam*, for issue of a warrant of arrest of the Vessel pursuant

to Supplemental Rule C and bunkers aboard the Vessel ("Bunkers") pursuant to Supplemental

- 1 -

Rules C and D and of writs of maritime attachment and garnishment pursuant to Supplemental Rule B, and plead as follows:

**JURISDICTION AND VENUE**

1.      This is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h) as it involves claims for enforcement of a maritime lien and breach of maritime contracts for sale of marine fuel ("Bunkers") to vessels, including the Vessel.

2.      This action also falls within this Court's admiralty and maritime jurisdiction under 28 U.S.C. § 1333, 46 U.S.C. § 31342, and Rules B, C and D of the Supplemental Rules of Certain Admiralty and Maritime Claims ("Supplemental Rule[s]").

3.      The Vessel and Bunkers to be arrested are or soon will be in the navigable waters within this District and therefore, venue is proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4.      Cockett is a Dubai corporation which sells marine fuel (bunkers) to ocean going vessels such as the Vessel, and on the order of Eleen, the disponent owner and/or operator and/or manager of the Vessel, provided bunkers to the Vessel, in the unpaid amount this Verified Complaint sets out.

5.      Eleen is a Bulgarian corporation and the disponent owner and/or operator and/or manager of the Vessel.

6.      Defendant Vessel, *in rem* is an ocean going bulk carrier vessel, Liberian flagged, IMO number 9527415, Gross Tonnage: 32714, Length Overall x Breadth Extreme: 189.93 x 32.26,  Year Built: 2012.

7.      Defendant Bunkers, *in rem* are the bunkers aboard the Vessel, which continue to be the property of Cockett, as provided by the Terms that this Verified Complaint describes.

- 2 -

8.      Garnishee General Maritime Transportation Services, Inc. is the local husbanding agent and according to local practice and requirement holds or shortly will hold funds of defendant Eleen to pay for the local husbanding of the Vessel in and around the Port of New Orleans.  Garnishee the Master of the M/V ELEEN EVA is in charge of the Vessel, including of the bunkers and other property of defendant Eleen aboard the Vessel, and therefore holds and controls that property, subject to garnishment and attachment.

## FACTS

9.      This is an action in admiralty, *in rem*, to enforce maritime liens for necessaries which Cockett provided to the Vessel on the order of Eleen, the Vessel's disponent owner and/or operator and/or manager, and to declare and confirm Cockett's ownership of the Bunkers aboard the Vessel.  Cockett's maritime lien *in rem* arises from Cockett's provision of necessaries to the Vessel, namely, bunkers, pursuant to 46 U.S.C. § 31342.

10.     Cockett provided the bunkers to the Vessel at March 15, 2023 at Hamburg subject to Cockett's sales terms and conditions incorporated into the bunker sales contract ("Terms") between Cockett and Eleen.  The Terms provide that Cockett retains title over any unpaid Bunkers, that title continues to any Bunkers replacing the unpaid bunkers sold and that Cockett holds a security interest over all Bunkers aboard the Vessel to secure its claims, and that Cockett shall have a maritime lien against the Vessel, *in rem*, United States General Maritime Law and the Commercial Instruments and Maritime Lien Act ("CIMLA"), 46 U.S.C. 31301 *et seq.* controlling the sale of bunkers to the Vessel.  The Terms further provide that Eleen shall pay interest on any overdue amount at the rate of 2% per calendar month pro-rated and compounded on a daily basis.

11.     After Cockett provided the Bunkers to the Vessel on Eleen's order, Cockett invoiced Eleen on agreed terms, namely, payment in full by or before May 1, 2023, in the agreed amount of $407,676.92.  Eleen initially paid $57,660.92 of the invoice, leaving a principal amount due and overdue of $350,016 as of May 1, 2023, with interest accruing on that amount from May 1, 2023 at a daily rate of $244.28.

12.     Also on the order of Eleen, Cockett provided bunkers to Eleen's owned and/or managed vessel, the M/V ELEEN ARMONIA, invoicing Eleen as agreed and with a due date for payment, June 21, 2023.  As of that date, $7,810 of the principal of the invoice for bunkers provided on the order of Eleen to the M/V ELEEN ARMONIA remained due and overdue to Cockett, with interest accruing on that amount to the present at a daily rate of $5.21.

### Count I – Maritime Lien *In Rem* Against the Vessel

13.     Cockett repeats the previous paragraphs.

14.     Cockett on the order of Eleen, the Vessel's disponent owner and/or operator and/or manager, provided maritime necessaries to the Vessel, namely, Bunkers, and thereby holds a maritime lien *in rem* against the Vessel for the value of those Bunkers plus maritime prejudgment interest as demanded below.

15.     Cockett has not been paid for its maritime necessaries provided to the Vessel and therefore proceeds to arrest the Vessel to execute on Cockett's maritime lien *in rem*, for sale of the Vessel and satisfaction of Cockett's maritime lien *in rem*, demanding judgment as set out below.

### Count II – Arrest of the Bunkers, *In Rem* Aboard the Vessel

16.     Cockett repeats the previous paragraphs.

17.    Cockett's Terms provide that Cockett continues in possession of and title to the Bunkers on the Vessel, until fully paid for those Bunkers.  Cockett has not been fully paid for the Bunkers and so proceeds pursuant to Supplemental Rule D to arrest those Bunkers, requesting the Court to declare that the Bunkers aboard the Vessel are Cockett's property, which Cockett may proceed to sell including to recover the amounts owed to Cockett by Eleen.

18.    Cockett therefore proceeds to arrest the Bunkers pursuant to Supplemental Rule D for this Court's confirmation and judgment that the Bunkers aboard the Vessel are the property of Cockett which Cockett may sell to recover the amounts owed to it by Eleen for the Bunkers, demanding judgment as set out below.

### Count III – In Personam against Eleen, Breach of Maritime Contracts

19.    Cockett repeats the previous paragraphs.

20.    Eleen entered into maritime contracts with Cockett to provide bunkers to the Vessel and to the M/V ELEEN ARMONIA, according to agreed Terms, at agreed prices, including agreed payment dates.  Eleen failed to pay to Cockett the amounts that Eleen contracted to pay to Cockett, has breached its maritime contracts with Cockett, and so as Cockett's Terms, incorporated to each contract to provide bunkers as Eleen agreed, provide, Cockett owes to Eleen the remaining invoiced amounts, contractual interest, attorneys fees and costs.

21.    Cockett therefore demand judgment against Eleen as set out below.

### Count IV: Maritime Attachment and Garnishment (Rule B)

22.    Cockett repeats the previous paragraphs.

23.    Cockett seeks issue of process of maritime attachment so that it may be paid the amount owed by Eleen.

24.     No security for Cockett's claims has been posted by Eleen or anyone acting on Eleen's behalf to date.

25.     Eleen cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, assets in this jurisdiction consisting of property, cash, funds, accounts payable and/or credits in the hands of Garnishees in this District, including but not limited to the named Garnishees.  This Court therefore should order issue of writs to the Garnishees, to hold all such accounts and property of Eleen until further order of this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Cockett demands judgment as follows:

A.     For **Count I**, against the *in rem* defendant Vessel as follows:

1.     That the Clerk of this Court issue a warrant for arrest of the Vessel, commanding the United States Marshal for this District, or pursuant to alternative service of the warrant as ordered by this Court, to arrest and take into custody the Defendant Vessel and detain the same in the custody of the substitute custodian until further order of this Court;

2.     That the Court find that Cockett holds a valid maritime lien *in rem* against the Vessel and its engines, appurtenances, furnishings, machinery, and equipment as provided by 46 U.S.C. § 31342, and by federal law construing the statute;

3.     That the Court judgment *in rem* against the Vessel, including without limitations all of its engines, machinery, tools, boats, anchors, chains, tackle, fittings, navigation equipment, and all other equipment and appurtenances appertaining or belonging to the Vessel, whether on board or not, and order that  Cockett's claims against the Vessel of $350,016 as of May 1, 2023, with maritime prejudgment interest measured at the accepted rate in this District

interest or otherwise the contractual, daily rate running from May 1, 2023 at a daily rate of $244.28 be asserted and executed against the Vessel for Cockett's maritime lien, *in rem*, and that judgment be entered against the Vessel for that amount and the Vessel be sold to satisfy Cockett's maritime lien *in rem*;

      B.     For **Count II**, against the *in rem* defendant Bunkers as follows:

      1.     That the Clerk of this Court issue a warrant for arrest of the Bunkers, commanding the United States Marshal for this District, or pursuant to alternative service of the warrant as ordered by this Court, to arrest and take into custody the Defendant Bunkers and detain the same in the custody of the substitute custodian until further order of this Court;

      2.     That the Court find that the Bunkers are Cockett's property; and

      3.     That the Court enter judgment *in rem* against the Bunkers, declaring that they are property of Cockett and that Cockett may sell the Bunkers to satisfy all debts to it for the Bunkers;

      C.     For **Count III**, against Eleen as follows:

      1.     Judgment in the amount of $350,016 with interest accruing on that amount from May 1, 2023 at a daily rate of $244.28, for the bunkers provided to the Vessel, and further in the amount for unpaid bunkers which Cockett provided to the M/V ELEEN ARMONIA in the amount $7,810 of the principal of the invoice remained due and overdue to Cockett, with interest accruing on that amount from June 21, 2023 to the present at a daily rate of $5.21;

      2.     Contractual attorneys fees in the amount of at least $10,000 in a final amount as determined by the Court, and costs, for a total judgment to date of **$400,743** plus daily interest of $249.49 to the date of judgment, and costs, plus all accrued attorneys fees and costs to the date of judgment;

D.    For **Count IV**, issue of Supplemental Rule B writs of maritime attachment and garnishment to the Garnishees, that this Court order that Garnishees hold up to **$500,743** (the **$400,743** judgment amount as set out immediately above, plus $100,000 for further attorneys fees, costs, including costs of keeping the Vessel, and interest to secure judgment against Eleen;

E.    That this Court award Cockett costs and other expenses incurred in connection with this proceeding, including without limitations, all costs incurred in *custodia legis*; and

F.    That this Court grant Cockett such other legal and equitable relief as this Court deems just and proper.

Dated: September 11, 2023.

**Respectfully submitted:**

**LAW OFFICE OF CARY A. DES ROCHES**

/s/ Cary A. Des Roches
Cary A. Des Roches (LA Bar No. 19550)
225 Phosphor Avenue
Metairie, LA 70005

And

1100 Poydras Street
Suite 3250
New Orleans, LA 70170
Phone: (504) 588-1288
Facsimile: (504) 588-9750
cdr@desrocheslaw.com

and

/s/ J. Stephen Simms
J. Stephen Simms (*pro hac vice* applied for)
Simms Showers LLP
201 International Circle, Suite 250
Baltimore, Maryland 21030

- 8 -

Phone:      (410) 783-5795
Facsimile: (410) 510-1789
jssimms@simmsshowers.com

Cockett Counsel

## AFFIDAVIT/VERIFICATION

**STATE OF LOUISIANA**
**PARISH OF ORLEANS**

**BEFORE ME**, the undersigned authority, personally came and appeared:

CARY A. DES ROCHES,

who produced a current Louisiana Driver's License as proof of identification and, after being duly sworn, did depose and state under oath that:

1.   I am local New Orleans counsel for Cockett Marine Oil DMCC ("Cockett");

2.   I am fully authorized by Cockett to make this Affidavit;

3.   I have personally inquired into the presence in the Eastern District of Louisiana of the Defendant, Eleen Marine JSC (hereafter "Defendant") and based on my review of the corporate database for the Secretary of State for the State of Louisiana that the corporate domicile or registered office of the Defendant is not within the Eastern District of Louisiana, and that Defendant has no agents for service of process within the Eastern District of Louisiana. I have inquired of Directory Assistance and have been advised that the Defendant does not have a telephone listing in the Eastern District of Louisiana. To the best of my knowledge, information and belief, based upon this investigation, the Defendant cannot be found within the Eastern District of Louisisna for purposes of Rule B.

_____
CARY A. DES ROCHES

SWORN TO AND SUBSCRIBED
BEFORE ME NOTARY THIS 11th DAY OF September

_____
NOTARY PUBLIC

Robert E. Couhig, III
Notary Public
La. Bar Roll No. 29811
My Commission is for life

- 10 -