UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COCKETT MARINE OIL DMCC, | * | CIVIL ACTION No.: |
| | * | 2:23-cv-05183-GGG-JVM |
| Plaintiff, | * | |
| | * | SECTION "T" |
| versus | * | |
| | * | MAG. DIVISION "1" |
| M/V ELEEN EVA, its tackle, furniture, | * | |
| apparel, appurtenances, etc., *in rem,* | * | JUDGE GREG GERHARD GUIDRY |
| | * | |
| Defendants and Garnishees*, et al.* | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |

### *EX PARTE* MOTION FOR ORDER FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN (PRIVATE ACTIONS)

Plaintiff Cockett Marine Oil DMCC ("Cockett") moves for this Court to appoint Global Maritime Security Inc. ("GMS") as Substitute Custodian for the Vessel and Bunkers to be arrested in this action, and states further as follows:

1.      On September 11, 2023, the Complaint herein was filed praying that the vessel M/V ELEEN EVA ("Vessel"), and its Bunkers ("Bunkers"), be arrested in rem pursuant to Supplemental Rules C and D respectively.

2.      On or about September 11, 2023, the Clerk of this Court issued a Warrant of Arrest of Vessel commanding the United States Marshal for the Eastern District of Louisiana to arrest and take into custody the Vessel and Bunkers and to detain the same in his custody until further Order of the Court.

3.      It is contemplated that the United States Marshal will seize the Vessel and Bunkers forthwith.  Custody by the United States Marshal requires the services of one or more keepers alone and not including charges for wharfage and the other services usually associated with safekeeping vessels similar to this Vessel and Bunkers.

4.      Global Maritime Security Inc. ("GMS") has agreed to assume the responsibility of safekeeping the said Vessel and has consented to act as the custodian upon order of this Court at an agreed rate which is customary and approved for substitute custodian services, by this Court. The United States Marshal is unable to perform or to have performed at a comparable rate these same services. In any case, the transfer of the Defendant Vessel and Bunkers to the substitute custodian for safekeeping will not be affected until the Court approves such custodianship and all such charges have been paid by the moving party.

5.      Global Maritime Security Inc. ("GMS"), by declaration of its Director of Operations John D. Saltzman, appended hereto and made a part hereof, avers that GMS has adequate facilities and supervision for proper maintenance and safekeeping of the Vessel and Bunkers or for damage or injury sustained by third parties due to any acts, faults, or negligence of said substitute custodian or its agents.

6.      Accordingly, it is hereby ORDERED that Plaintiff and Global Maritime Security Inc. ("GMS") as substitute custodian, in consideration of the United States Marshal's consent to the substitution of custody, shall indemnify, hold harmless, and release the United States Marshal, the United States of America, their agents, servants, employees, and all others for whom they are responsible, from any and all liability and responsibility arising out of the care and custody of the Vessel and Bunkers, from the date of the transfer of possession of said Vessel and Bunkers, vessel, and it is further

ORDERED that Plaintiff and Global Maritime Security Inc. ("GMS") as substitute custodian shall defend the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, against all claims and actions arising out of said substitute custody and, further, shall indemnify and hold harmless and be

responsible to pay and satisfy all claims and judgments that might arise out of said substitute custody and shall be responsible and indemnify and hold harmless the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, for all attorneys' fees, costs, expenses and disbursements incurred in defending against such claims or actions arising out of said substitute custody, and it is further

ORDERED that the United States Marshal for the Eastern District of Louisiana shall surrender the possession of the Defendant Vessel to the substitute custodian named herein upon executing the warrant in this action, and it is further

ORDERED that Global Maritime Security Inc. ("GMS") be, and is hereby, appointed the custodian of said Vessel to retain the same in his custody for possession and safekeeping for the aforementioned compensation until further Order of the Court, and it is further

ORDERED that all United States Marshal's costs be paid prior to release of said Vessel and Bunkers, and it is further

ORDERED that the substitute custodian must receipt for the Vessel and the United States Marshal must attest to the date and time of release on a certified copy thereof, and it is further

ORDERED that Plaintiff's attorney will serve the owner of the Vessel and Bunkers with a copy of this Order.

Signed this _____day of September, 2023, at New Orleans, Louisiana.

_____
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

/s/ J. Stephen Simms                                      LOCAL COUNSEL
J. Stephen Simms (*pro hac vice*)

Simms Showers LLP
201 International Circle, Suite 230
Baltimore, Maryland 21030
Tel:  410-783-5795
Fax: 410-510-1789
Email: jssimms@simmsshowers.com

LAW OFFICE OF CARY A. DES ROCHES

Cary A. Des Roches
 #19550 225 Phosphor Avenue
Metairie, LA 70005

and

1100 Poydras Street, Suite 3250
New Orleans, Louisiana 70163
Telephone: (504) 235-9322
Facsimile: (504) 588-9750
Email: cdr@desrocheslaw.com

Counsel to Cockett